**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL NO. 2:16cr80** |
| v. | ) | |
| | ) | |
| **SHELDON FRANKLIN** | ) | |
| | ) | |
| **Defendant.** | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Randy Stoker, Assistant United States Attorney, offers the following with respect to sentencing. The United States concurs with the Presentence Investigation Report (PSR). The calculated advisory guideline range of 30 to 37 months in prison is based on a total offense level of 17 and a criminal history category of III. The government requests a sentence of 36 months in prison and the maximum period of supervised release.

**I. Background**

On February 28, 2017, SHELDON FRANKLIN pled guilty, pursuant to a plea agreement, to Count One of the Indictment charging him with bank fraud. The statement of facts filed in connection with his plea, describes his conduct in detail. But, briefly stated, FRANKLIN executed and managed a scheme in which he would recruit and use other individuals to receive auto loan checks based on fraudulent loan applications. FRANKLIN, whose shell business was the purported seller, would then deposit the check into one of his business bank accounts. Based on that conduct and additional conduct noted by the probation officer, FRANKLIN was attributed with an intended loss of $168,126.20. His adjusted offense level was calculated to be 20 – based on the base offense level, the loss amount, and a three-level increase for his role in the offense. He

1

then received a three-level reduction for acceptance of responsibility. The United States supports the awarding of the third point under USSG §3E1.1(b).

## II. Role in the Offense Enhancement

The PSR states that FRANKLIN was a manager or supervisor of the scheme pursuant to USSG § 3B1.1(b). Under that provision, a three-level increase is applicable if the defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive. USSG § 3B1.1(b). The PSR does not cite the "otherwise extensive" aspect of that provision, but it, too, clearly applies. That the defendant exercised the requisite decision-making authority to be considered an organizer, leader, manager, or supervisor, is not in dispute.

Application note 3 of § 3B1.1 states that "in assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered." It continues, "Thus, a fraud that involved only three participants, but used the unknowing services of numerous outsiders may be considered extensive." USSG § 3B1.1, cmt. (n. 3.). The Fourth Circuit has held that "courts may consider all persons involved during the course of the entire offense," including all relevant conduct. *United States v. Beverly*, 284 F. App'x 36, 41 (4th Cir. 2008). In *United States v. Rice*, the court considered, in addition to the management of business entities, the unwitting participation of six pastors in furthering the fraud scheme. *See United States v. Rice*, 551 F. App'x. 656, 666 (4th Cir. 2014).

Under application note 1 of § 3B1.1, a participant is someone who is criminally responsible for the commission of the offense, but need not have been convicted. All of the participants admitted to knowingly signing auto loan paperwork, picking up checks from the credit unions, signing the checks and providing them to the defendant. None of the participants were coerced into performing their actions in the scheme. Some participants acknowledged that they were to

receive payment for providing their identifying information, signing the loan documents, and providing the checks to the defendant. For example, D.B. stated that the defendant first approached him with an opportunity to make $13,000. D.B. provided his identifying information and later acknowledged that he knew he would not be purchasing a car, and was supposed to be paid $2,000 for picking up an auto loan check and providing it to the defendant. Other individuals, regardless of whether they acknowledged receiving payment for their role, knowingly performed similar functions. By signing the loan documents, providing them to the bank, and by receiving the checks and turning them over to the defendant without receiving a car, they are considered criminally responsible.

According to the statement of facts, FRANKLIN acknowledged that he recruited eleven individuals (Statement of Facts ¶ 9) to provide the identifying information such as name, date of birth, and social security number (Statement of Facts ¶ 5), had them sign loan and bank account documents, and instructed them to retrieve a fraudulently induced auto loan check from a credit union. Whether the participants fully understood their role, the statement of facts and the conduct described in the PSR show that there were more than 10 individuals who acted under the defendant's direction. They also created fake companies that purported to be car dealerships, established bank accounts for these businesses and created numerous fake documents to sustain his bank fraud scheme. In so doing, the defendant defrauded two credit unions in the amount of approximately $168,000. Clearly, the defendant supervised and directed the actions of more than five individuals. Moreover, in light of the totality of the defendant's conduct, the court should find that section 3B1.1(b) applies.

### III. Consideration of Sentencing Factors in 18 U.S.C. § 3553

Mr. FRANKLIN's criminal conduct is well-documented both in the PSR and in the previous section of this paper. It is worth noting that he executed this scheme for a period of nearly two years – October 2012 to July 2014. In the process, he used and exploited numerous individuals by using key pieces of identity information. While these individuals provided this information, most did not understand the full extent of the scheme and participated based on FRANKLIN's promise of receiving easy cash or a cheap automobile.

FRANKLIN, age 31, has a criminal record replete with fraud activity and other crimes beginning early in adulthood. In 2004, at age 18, he was convicted of uttering a forged coin, bill, or bank note in Chesapeake Circuit Court. In 2009, he was convicted in Virginia Beach of issuing a worthless starter check in the amount of $2607.03. Also adjudicated that day, December 16, 2009, were separate offenses for obtaining money by false pretenses and issuing worthless checks. He has also been convicted of driving while intoxicated and driving on a suspended license. Additionally, this and other offenses were committed while he was under court supervision. Moreover, the defendant has a history of further aggravating his situation by the repeated use of illegal drugs.

While the PSR reports some issues with regard to his unstable childhood, this defendant has had numerous "wake up calls" and opportunities to confront those problems. It is clear from his record that he has little regard for the law, perhaps because he has been able to escape significant incarceration. This sentence should be aimed at finally providing adequate deterrence for future criminal behavior and afford him significant time to reflect on his past.

### IV. Conclusion

Based on the above, the government recommends a sentence of 36 months and the maximum period of supervised release.

                DANA J. BOENTE
                UNITED STATES ATTORNEY

By:       /s/
                Randy C. Stoker
                Assistant United States Attorney
                Virginia State Bar No. 73455
                Attorney for the United States
                United States Attorney's Office
                101 West Main Street, Suite 8000
                Norfolk, VA 23510
                Office Number:  757-441-6331
                Facsimile Number: 757-441-6689
                E-Mail Address:  randy.stoker@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Rodolfo Cejas, Esq.
150 Boush Street, Suite 403
Norfolk, VA 23510
757-457-0800
rodolfo_cejas@fd.org

I certify that on this 22nd day of May, 2017, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be mailed to the following:

Cathleen Yetzer
United States Probation Office
600 Granby Street, Suite 200
Norfolk, VA
757-222-7300
cathleen_yetzer@vaep.uscourts.gov

    /s/
Randy C. Stoker
Assistant United States Attorney
Virginia State Bar No. 73455
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: 757-441-6331
Fax: 757-441-6689
Email: randy.stoker@usdoj.gov